```
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF INDIANA
                        SOUTH BEND DIVISION
```

ARTHUR JAMES ROGERS,       )
                           )
        Petitioner         )
                           )
             v.            )       No. 3:07-CV-568
                           )
EDWARD BUSS,               )
                           )
        Respondent.        )

## OPINION AND ORDER

This matter is before the court *sua sponte* pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Pursuant to Rule 4, the Court must review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .." This rule provides the Court with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit. For the reasons set forth below, the Clerk is **ORDERED** to **DISMISS** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

BACKGROUND

Petitioner Arthur Rogers, a prisoner confined at the Indiana State Prison, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a loss of earned credit time in a disciplinary hearing conducted at the Miami Correctional Facility in Case # MCF 03-03-0311.

On March 24, 2003, a disciplinary hearing board found the petitioner guilty of disorderly conduct and imposed a loss of ninety days of earned credit time. Rogers appealed unsuccessfully to the Superintendent and the final reviewing authority.

DISCUSSION

Before a habeas petitioner may present his claims to this court, he must have exhausted the issues he presents in his petition, as required by 28 U.S.C. § 2254(b)(1)(A). That statute provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State."

Failure to exhaust available state court remedies constitutes a procedural default. *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999). To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before seeking federal review of these claims. *O'Sullivan v. Boerckel*, 526 U.S. 383, 844 (1999).

The principles of exhaustion of available state remedies and procedural default apply to prison disciplinary hearings. *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). Failure to raise an issue on appeal to the Indiana Department of Correction's final reviewing authority is a waiver of the claim. *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002).

2

The petitioner presents four grounds in his petition for writ of habeas corpus. In paragraph 11 of his petition, he lists the claims he raised to the Final Reviewing Authority, but he has not listed any of the four claims he seeks raise in this petition. Additionally, paragraph 13 of the habeas petition asks the petitioner to identify any grounds that he did not present in his administrative appeal. Here he lists all four of the grounds he seeks to present to this court. Paragraph 13 also asks the petitioner to explain why he did not present these claims, but he did not respond to that portion of the question.

Because he has not exhausted his administrative remedies on these issues, he may not present them in this petition. *Eads v. Hanks*, 280 F.3d at 729; *Markham v. Clark*, 978 F.2d at 994-95.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rule 4 of the Rules Governing Section 2254 Cases.

CONCLUSION

For the foregoing reasons, the court **DISMISSES** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

**DATED: April 1, 2008**                    /S/RUDY LOZANO, Judge
                                            **United States District Court**

3